1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD JOSHUA SMITH,                    Case No.  2:24-cv-00683-TLN-JDP (PC)

12            Plaintiff,                      **ORDER**

13        v.                                  SCREENING PLAINTIFF'S COMPLAINT
                                              AND GRANTING PLAINTIFF'S
14   CHAUDHRY UZMA, *et al.*,                 APPLICATION TO PROCEED *IN FORMA
                                              PAUPERIS*
15            Defendants.
                                              ECF Nos. 1 & 4
16

17        Plaintiff, a state prisoner, brings this action against several medical providers at the

18   California Health Care Facility and San Joaquin General Hospital.  ECF No. 1 at 2.  For the

19   reasons stated hereafter, however, his claims are non-cognizable as currently articulated.  I will

20   give him leave to amend.  I will also grant his application to proceed *in forma pauperis*.  ECF No.

21   4.

22                            **Screening Order**

23   **I.        Screening and Pleading Requirements**

24        A federal court must screen a prisoner's complaint that seeks relief against a governmental

25   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

26   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

27   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

28   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

                                          1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18    **II.    Analysis**

19    Plaintiff alleges that his medical care for liver cancer and a related skin disease has been

20  inadequate.  ECF No. 1 at 3-4.  He names numerous medical providers and broadly alleges that

21  his treatment outcomes have been poor and his prognosis is negative.  *Id.*  He fails, however, to

22  allege that any of the defendants, by their action or inaction, acted with deliberate indifference to

23  his medical needs.  He alleges that defendants have failed to cure his cancer, but a negative

24  treatment outcome is not automatically indicative of deliberate indifference.  Instead:

25          [A] complaint that a physician has been negligent in diagnosing or
           treating a medical condition does not state a valid claim of medical
26          mistreatment under the Eighth Amendment.  Medical malpractice
           does not become a constitutional violation merely because the
27          victim is a prisoner.  In order to state a cognizable claim, a prisoner
           must allege acts or omissions sufficiently harmful to evidence
28          deliberate indifference to serious medical needs.

1   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Plaintiff may amend his complaint to better explain

2   how each of the defendants acted with deliberate indifference.

3          Plaintiff is advised that the amended complaint will supersede the current complaint.  *See*

4   *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended

5   complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

6          Accordingly, it is ORDERED that:

7          1.  Within thirty days from the service of this order, plaintiff must file an amended

8   complaint that complies with this order.  If he fails to do so, I will recommend that this action be

9   dismissed for failure to state a claim.

10         2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

11         3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

12
13  IT IS SO ORDERED.

14
    Dated:    July 17, 2024
15                                                       _____
                                                         JEREMY D. PETERSON
16                                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                      3