UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CHAUDHRY UZMA, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-0683-TLN-JDP (P)<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff asks that the court appoint counsel and correct an erroneous withdrawal from his client trust account. ECF Nos. 13 & 14.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may ask an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

1

1  circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of
2  legal education and limited law library access, do not establish exceptional circumstances that
3  warrant a request for voluntary assistance of counsel.
4      Having considered the factors under *Palmer*, the court finds that plaintiff has failed to
5  meet his burden of demonstrating exceptional circumstances warranting the appointment of
6  counsel at this time.
7      Further, the court does not initiate or have any involvement in the calculation and
8  withdraw of funds from inmate's trust account. Plaintiff should address his concerns about
9  withdrawals to his institution's accounting department.
10     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
11 counsel, ECF No. 13, and motion to correction his trust account deduction, ECF No. 14, are
12 denied without prejudice.
13 IT IS SO ORDERED.

15 Dated:   October 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE