1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONALD JOSHUA SMITH,                        Case No.  2:24-cv-0683-TLN-JDP (P)

12                    Plaintiff,

13            v.                                    ORDER

14    CHAUDHRY UZMA, *et al.*,

15                    Defendants.

16

17

18         Plaintiff, a state prisoner, brings this action alleging that defendants violated his Eighth

19    Amendment rights by failing to provide him with adequate medical care.  I found that his first

20    complaint failed to state a cognizable claim because it did not allege that defendants acted with

21    deliberate indifference.  ECF No. 7.  He has filed an amended complaint, ECF No. 10, that, for

22    screening purposes, states cognizable Eighth Amendment medical care claims against defendants

23    Uzma and Gill.  It fails, however, to state a cognizable claim against Warden Gena Jones.

24    Plaintiff may either proceed only with the claims deemed viable or delay service and file another

25    amended complaint.

26

27

28
                                            1

1

**Screening Order**

2      **I.      Screening and Pleading Requirements**

3          A federal court must screen a prisoner's complaint that seeks relief against a governmental

4   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25      **II.      Analysis**

26         Plaintiff alleges that defendants Uzma and Gill have focused on pursuing unsuccessful

27  cancer treatments rather than addressing his other health issues.  ECF No. 10 at 3-4, 7-8.  He

28  claims that defendant Gena Jones, the warden of the California Health Care Facility, is also liable

1    because she is responsible for all prison operations, including inmates' medical care. *Id.* at 5-6.

2    Plaintiff's allegations against Uzma and Gill are suitable to proceed; his allegations against Jones

3    are not.

4          Plaintiff claims that defendant Uzma violated his rights by following a course of treatment

5    that has been unsuccessful in treating his cancer. *Id.* at 3.  The specifics are difficult to follow,

6    but plaintiff appears to allege that Uzma focused on failed cancer treatments to the exclusion of

7    treating his Hepatitis-C and certain abdominal issues. *Id.* at 4.  Similarly, he alleges that

8    defendant Gill insisted that he undergo a third unsuccessful liver cancer treatment rather than

9    treating his "abdomen disease" and Hepatitis-C. *Id.* at 7-8.  Though plaintiff's allegations are

10    roughly articulated, these allegations are sufficient at this stage to proceed.

11          By contrast, plaintiff's claims against Warden Jones are nonviable.  He alleges that, as

12    warden, she is responsible for safeguarding inmates' rights, including healthcare. *Id.* at 5.  There

13    is no *respondeat superior* liability under section 1983, however. *Taylor v. List*, 880 F.2d 1040,

14    1045 (9th Cir. 1989).  Instead, Warden Jones can be held liable only for her own personal

15    involvement, and plaintiff has not alleged that she was directly involved in or aware of his

16    medical treatment.

17          Accordingly, it is ORDERED that:

18        1. Within thirty days from the service of this order, plaintiff must file a written indication

19    of his intent to pursue only with the viable claims described in this order, OR file another

20    amended complaint.  If he selects the latter, no defendants will be served until the new complaint

21    is screened.

22        2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this

23    order.

    IT IS SO ORDERED.

24

25

Dated:    November 13, 2024

26                                                    JEREMY D. PETERSON

27                                                    UNITED STATES MAGISTRATE JUDGE

28