UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH, | Case No. 2:24-cv-0683-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CHAUDHRY UZMA, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for extension of time to file a second amended complaint and two motions to appoint counsel. ECF Nos. 17, 18, & 19. Good cause appearing, his motion for time is granted, but his motions for counsel are denied.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

1

abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time, ECF No. 18, is granted;

2. Plaintiff is granted thirty days from the date of this order in which to file a second amended complaint; and

3. Plaintiff's motions to appoint counsel, ECF Nos. 17 & 19, are denied without prejudice.

IT IS SO ORDERED.

Dated:   November 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2