1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONALD JOSHUA SMITH,                    Case No.  2:24-cv-0683-TLN-JDP (P)

12              Plaintiff,

13        v.                                  ORDER

14    CHAUDHRY UZMA, *et al.*,

15              Defendants.

16

17          Plaintiff, a state prisoner proceeding without counsel, commenced this action against

18    defendants Chaudhry Uzma and Gill Amandeep.  ECF No. 10.  After finding service of the

19    complaint appropriate, I stayed this action for 120 days and referred it to ADR.  ECF No. 40.  On

20    April 28, 2025, defendants filed motions to opt out of ADR.  ECF Nos. 43 & 44.  In those filings,

21    defendants have made the court aware that plaintiff recently passed away.  *See id.*

22          On May 6, 2025, defendant Chaudhry filed a formal notice of suggestion of death for

23    plaintiff.  ECF No. 45.  Therein, defendant states that he does not know the identify of the

24    successor of interest in plaintiff's estate or the identify of the personal representative for

25    plaintiff's estate.  *Id.* at 1.  Defendant was unable to locate an active probate matters for plaintiff.

26    *Id.* at 2.  Defendant has learned through the California Health Care Facility's Litigation

27    Coordinator that plaintiff listed two contacts in case of an emergency, his two sisters: Wanda

28    Williams and Phyllis Allen.  *Id.* at 1.  Defendant served a copy of the May 6 notice on Wanda

                                              1

1   Williams, *see id.* at 12, but service was unsuccessful after three attempts on Phyllis Allen, *see id.*

2   at 4.

3          Federal Rule of Civil Procedure 25 establishes the process for moving forward after a

4   party to a civil action has died.  Of relevance here, it provides that "[i]f a party dies and the claim

5   is not extinguished, the court may order substitution of a proper party."  Fed. R. Civ. P. 25(a).  If

6   the descent's successor or representative do not file a motion for substitution "within 90 days

7   after service of a statement noting the death, the action by or against the decedent must be

8   dismissed."  *Id.*  Under California law—which federal courts apply in determining survival of a

9   claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished

10  by that person's death.  Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S.

11  584, 590 (1978).

12         The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the

13  90-day period:

14              First, a party must formally suggest the death of the party upon the
              record.  Second, the suggesting party must serve other parties and
15              nonparty successors or representatives of the deceased with a
              suggestion of death in the same manner as required for service of
16              the motion to substitute.  Thus, a party may be served the
              suggestion of death by service on his or her attorney, while
17              nonparty successors or representatives of the deceased party must
              be served the suggestion of death in the manner provided by Rule 4
18              for the service of a summons.

19  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted).  Under *Barlow*,

20  the defendant has some obligation to identify the plaintiff's representative or successor and to

21  serve the notice of death on that party.  *See Gilmore v. Lockard*, 936 F.3d 857, 865-68 (9th Cir.

22  2019).

23         District courts in the Ninth Circuit have generally required defendants to make a "good

24  faith effort" in identifying and locating the successors or representatives of the deceased when

25  filing a suggestion of death.  *See, e.g.*, *Gravesbey v. Byrd-Hunt*, No. 3:19-cv-0372-CABRBM,

26  2020 WL 4226624 (S.D. Cal. July 23, 2020) (citing cases).  Mailing the suggestion of death to the

27  deceased's address of record has met the "good faith effort" standard for attempting to contact a

28  representative or successor of a plaintiff proceeding pro se as prisoner.  *See Meyers v. Cty. of Los*

                                              2

*Angeles*, No. cv 10-05225 DMG AJW, 2011 WL 7164461, at *3 (C.D. Cal. Dec. 19, 2011)

("Requiring defendants to do more to ascertain whether a representative or successor for plaintiff

exists is burdensome and impractical."); *Valez v. Corr. Corp. of Am.*, No. cv-20-01400-PHX-

JAT, 2021 WL 3492065, at *1 (D. Ariz. Aug. 9, 2021) (finding that serving the notice of death on

the plaintiff's identified next-of-kin was an appropriate good faith effort to contact the plaintiff's

representatives or successor).

      Defendant has complied with the requirements of Rule 25. *See* ECF No. 45.

Accordingly, the court will stay this action for 120 days to afford plaintiff's representative or

successor an opportunity to file a motion for substitution.

      Accordingly, it is hereby ORDERED that:

      1.  Defendants' motion to opt-out of ADR, ECF Nos. 43 & 44, are GRANTED.  The stay

initiated on March 13, 2025, is lifted.

      2.  A new stay is initiated for 120 days to afford plaintiff's representative or successor an

opportunity to file a motion for substitution.

IT IS SO ORDERED.

Dated:    May 22, 2025

                                 JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE