UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAUDHRY UZMA, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-0683-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　The court has learned that plaintiff, a state prisoner proceeding without counsel, passed away during the pendency of this litigation.  Pursuant to Federal Rule of Civil Procedure 25, plaintiff's representatives or successors-in-interest have been given an opportunity to continue litigating on his behalf.  No such person has notified the court of his or her intent to do so.  Defendant Uzma now moves to dismiss this action under Rule 25.  I recommend that Uzma's motion be granted and that this action be dismissed.

　　　Federal Rule of Civil Procedure 25 establishes the procedure for moving forward with litigation after a party to a civil action has died.  It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party."  Fed. R. Civ. P. 25(a).  Under California law, which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983, a cause of action against a person is generally not extinguished by that person's death.  Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

1    Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record
2    and serve the nonparty representatives of the deceased party with the suggestion of death in the
3    manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. *Barlow v.*
4    *Ground*, 39 F.3d 231, 233 (9th Cir. 1994). If the descent's successor or representative do not file
5    a motion for substitution "within 90 days after service of a statement noting the death, the action
6    by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). The objective of "Rule
7    25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so
8    that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty.*
9    *Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7,
10   2008).
11   Uzma has satisfied both requirements of Rule 25(a). She filed a formal suggestion of
12   death on the record, ECF No. 45, and served plaintiff's successors or representatives with a
13   suggestion of death in the same manner as required for service of a motion to substitute. *Id.*
14   Ninety days has passed since the proof of service was filed, and no motion for substitution has
15   been filed in accordance with Rule 25(a)(1). *See Gardner v. CSP-LAC*, No. CV-20-7519-VBF
16   (AGR), 2023 WL 2412776, at *2 (C.D. Cal. Mar. 7, 2023) (dismissing a § 1983 action after
17   defendants complied with the requirements of Rule 25(a) and no one filed a motion for
18   substitution or requested an extension of time to file such a motion).
19   Accordingly, it is hereby RECOMMENDED that defendant Uzma's motion to dismiss,
20   ECF No. 47, be GRANTED and this action be dismissed without prejudice.
21   These findings and recommendations are submitted to the United States District Judge
22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
23   service of these findings and recommendations, any party may file written objections with the
24   court and serve a copy on all parties. Any such document should be captioned "Objections to
25   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
26   within fourteen days of service of the objections. The parties are advised that failure to file
27   objections within the specified time may waive the right to appeal the District Court's order. *See*
28

1 | *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 3, 2025                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE